# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3957

———————

George Beasley,                                   *
                                                  *
      Plaintiff–Appellant,                 *
                                                  *
      v.                                   *      Appeal from the United States
                                                  *      District Court for the Eastern
City of Marion Arkansas;                          *      District of Arkansas.
Frank Fogleman,                                   *
Mayor of Marion, Arkansas                         *      (UNPUBLISHED)
individually and in his official                  *
capacity,                                         *
                                                  *
      Defendants–Appellees.               *

———————

Submitted: September 17, 2004
Filed: September 22, 2004

———————

Before MURPHY, MCMILLIAN, and BENTON, Circuit Judges.

———————

PER CURIAM.

George Beasley brought this employment disability action under the Americans with Disabilities Act ("ADA") and the Arkansas Civil Rights Act, alleging that he was unlawfully terminated by the City of Marion. The district court[1] granted

———————

[1]The Honorable James M. Moody, Judge, United States District Court for the Eastern District of Arkansas.

summary judgment to the city on his federal claim and declined to exercise jurisdiction over the state claim. The court concluded that Beasley failed to demonstrate that he was disabled under federal law, and Beasley appeals that decision. We affirm.

Beasley argues that he was disabled due to a work related injury and that he was terminated because of that disability. Beasley injured his knee after slipping on ice while doing welding work for the city. He was sent by his supervisor to receive medical attention and later referred to a specialist who advised that he not work for two weeks. Beasley never returned to his job and failed to maintain direct contact with his supervisor before his termination. The city terminated him for abandoning his position.

In order to establish a prima facie case of discrimination under the Act, Beasley had to "establish that (1) he is disabled within the meaning of the [statute]; (2) he is qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) he suffered an adverse employment action under circumstances that give rise to an inference of unlawful discrimination based on disability." Dropinski v. Douglas County, 298 F.3d 704, 706-07 (8th Cir. 2002). Disability is defined under the statute to include "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2) (2000).

Beasley did not make a showing sufficient to establish disability under federal law. Although he alleged a seven percent impairment of his lower left leg and an inability to engage in some physical activities, he did not demonstrate a substantial limit on any major life activity. 42 U.S.C. § 12102(2)(A); Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184, 195 (2002). He admitted to working in car repair and furniture delivery following his injury, and he presented no evidence that the city

regarded him as having a substantial impairment.  42 U.S.C. § 12102(2)(C).  We conclude that the district court did not err in granting summary judgment to the city.

The judgment of the district court is affirmed.

_____